IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LISA CHAPMAN,<br>New Kensington, PA,<br>individually and on behalf of a class of similarly situated individuals,,<br><br>        Plaintiff,<br><br>    v.<br><br>INSIGHT GLOBAL, LLC (incorrectly identified as Insight Global, Inc.) 1224 Hammond Drive, Suite 1500, Atlanta, GA 30346,<br><br>        Defendant. | **Civil Case No.: 1:21-cv-824-CCC** |

## ORDER PRELIMINARILY APPROVING CLASS ACTION SETTLEMENT, PROVISIONALLY CERTIFYING SETTLEMENT CLASS AND DIRECTING NOTICE

This matter is before the Court on Plaintiff's unopposed motion for preliminary approval of class action settlement. Plaintiff, individually and on behalf of the proposed Settlement Class, and Insight Global, Inc. have entered into a Settlement Agreement as of October 20, 2022 concerning the above-captioned litigation (the "Settlement"), which, together with its exhibits, is incorporated herein by reference. In their motion, Plaintiff seeks preliminary approval of the class action Settlement, certification of the Settlement Class, appointment of Class Counsel and

1729473-1

Class Representatives, approval of the proposed notice plan, appointment of the Claims Administrator, and a date for the Final Fairness Hearing. Having considered the motion, the Settlement together with all exhibits and attachments thereto, the record, and the briefs.

**IT IS HEREBY ORDERED** as follows:

1. Unless otherwise defined herein, all terms capitalized herein shall have the same meaning ascribed to those terms in the Settlement.

2. The Court has jurisdiction over this litigation, Plaintiff, Insight Global, LLC, and the Settlement Class Members, and any party to any agreement that is part of or related to the Settlement.

**PRELIMINARY APPROVAL**

3. Concurrently with this [proposed] order, Plaintiff filed her motion and memorandum of law in support of Plaintiff's unopposed motion for an order preliminarily approving the class action Settlement, provisionally certifying the Settlement Class, and directing notice to the Settlement Class Members.

4. Plaintiff summarizes the relevant terms of the proposed Settlement in her motion as follows:

    a. Settlement Class Members are eligible to recover up to $250.00 as reimbursement for their documented out-of-pocket expenses, including up to three hours of lost time at a rate of $20 per hour,

incurred as a result of the Data Security Incident ("Ordinary Expense Reimbursement"), or, up to $5,000.00 if extraordinary circumstances exist that warrant an increase in the individual reimbursement cap ("Extraordinary Circumstance Increase");

b. Settlement Class Members are eligible to receive twenty-four (24) months of free comprehensive credit monitoring and credit restoration protections;

5. The Settlement provides a straight-forward method for the Settlement Class Members to claim benefits and sets forth a process for notifying the Settlement Class, obtaining final approval of the Settlement, and administering the Settlement.

**The Strength of Plaintiff's Case on the Merits Balanced Against the Settlement**

6. The Settlement benefits the Settlement Class by avoiding the risk of continued litigation. Class Counsel has indicated that data breach cases commonly face litigation risks involving standing, dismissal of claims, class certification, proof of damages, and risk of loss on the merits. The Settlement avoids these risks and provides Settlement Class members with significant remedies. Plaintiff contends that her case is strong, but also acknowledge the risks of ongoing litigation are a factor favoring settlement at this time.

7. Under the Settlement, each Settlement Class member will be reimbursed for 100% of their documented out-of-pocket expenses, including up to three hours of lost time, up to $250.00, or up to $5,000.00 if extraordinary circumstances exist that warrant an increase in the individual reimbursement cap. Each Settlement Class Member may also claim twenty-four (24) months of credit monitoring and credit restoration protection services through Equifax's Complete Premier 3B credit monitoring. Further, there is no global cap on Settlement benefits—every Settlement Class member will be fully compensated for valid Claims, independent of the aggregate amount of claims submitted.

8. The proposed Settlement is within the range of reasonableness. As noted above, Settlement Class Member who do not request exclusion are entitled to recover their actual losses and to obtain comprehensive credit monitoring and credit restoration protection services to avoid or minimize future harms. The Settlement also requires Insight Global, LLC to separately pay all of the cost of claims administration; any amounts of attorneys' fees and costs awarded by the Court to Class Counsel; and any amounts of incentive awards awarded by the Court to the Class Representatives. The Settlement represents the result of adversarial, arm's-length, informed, and non-collusive negotiations between Insight Global, LLC and Plaintiff and her counsel, including a full-day mediation session with Hon. Diane Welsh.

9. The terms of the Settlement do not improperly grant preferential treatment to any individual or segment of the Settlement Class and fall within the range of possible approval as fair, reasonable, and adequate.

10. In balance, this factor favors preliminary approval of the Settlement.

**Complexity, Length and Expenses of Litigation**

11. The potential complexity, length, and expense of litigating this case through trial weigh in favor of settlement. Litigating Plaintiff's claims would be complex, and a prompt settlement benefits all Parties by avoiding long, drawn-out litigation. The Settlement also provides the Settlement Class Members a meaningful amount of compensation, and it spares Insight Global, LLC the cost of continuing to pay its attorneys through trial. In balance, this factor favors preliminary approval of the Settlement.

**Opposition**

12. The proposed Settlement provides for Settlement Class Member objections to the Settlement and outlines requirements for objecting. It also warns that failure to object by the deadline or to abide by the requirements waives objection.

**Opinions of Counsel**

13. Class Counsel support the Settlement. Class Counsel also have experience in litigating class cases to settlement and represent that the Settlement is

the result of arm's-length negotiation presided over by an experience third-party mediator. For the purpose of preliminarily approving the Settlement, the Court credits Class Counsel's opinion.

14. Plaintiff filed her initial complaint on May 5, 2021 (ECF No. 1). Class Counsel filed an amended complaint following Insight Global, LLC's initial filing of a Motion to Dismiss on August 27, 2021 (ECF No. 34). Class Counsel participated in multiple lengthy telephone calls and ZOOM meetings in order to discuss the Parties' respective positions in the matter of resolution and to explore whether resolution of Plaintiff's claims was possible, engaged in informal discovery in aid of settlement negotiations and mediation, and successfully negotiated the Settlement. This progress indicated that the Parties have considered the merits and risks of litigating compared to settling. Accordingly, this factor weighs in favor of approval of the Settlement.

15. In sum, the balance of these factors favors approving the Settlement. The Court therefore **GRANTS** preliminary approval of the Settlement and all of the terms and conditions contained therein.

**PRELIMINARY CERTIFICATION OF SETTLEMENT CLASS**

16. Pursuant to Federal Rule of Civil Procedure 23, the Court preliminarily certifies for settlement purposes only, the Settlement Class defined as follows:

> All individuals residing in the United States whose personal information was or may have been compromised in the data

> incident that is the subject of the Notice of Data Event Related to Pennsylvania Contact Tracing that Insight Global sent to Plaintiff and others in substantially the same form on or around April 29, 2021." The Settlement Class specifically excludes: (i) Insight Global and its officers and directors; (ii) all Settlement Class Members who timely and validly request exclusion from the Settlement Class; (iii) the Judge assigned to evaluate the fairness of this settlement; and (iv) the attorneys representing the Parties in the Litigation

The Settlement Class consists of approximately 76,600 individuals.

17. The Court preliminarily finds that the Settlement Class satisfies the requirements of Federal Rules of Civil Procedure 23(a) as follows.

18. Plaintiff has satisfied the numerosity requirement, because the Settlement Class comprises approximately 76,600 individuals, making joinder of all potential class members impracticable.

19. Plaintiff has identified several questions of law and fact common to the Settlement Class, all of which would share common answers: 1) whether Insight Global, LLC had contractual obligation to safeguard Plaintiff's and Settlement Class members' personal information; 2) whether Insight Global, LLC breached its contractual obligations to safeguard Plaintiff's and Settlement Class Members' personal information; 3) whether Insight Global, LLC was negligent in securing and storing Plaintiff's and Settlement Class Members' personal information; 4) whether Insight Global, LLC wrongfully gave publicity to Plaintiff and Settlement Class Members' private life; 5) whether Insight Global, LLC's alleged failures to

safeguard Plaintiff's and Settlement Class Members' personal information resulted in the Data Security Incident, as alleged in the Complaint; and 6) whether Plaintiff and Settlement Class Members were injured and suffered damages as a result of the Data Security Incident. The determination of these issues, regardless of outcome, will resolve the allegations of the entire Settlement Class. Plaintiff therefore satisfies Rule 23(a)(2)'s commonality requirement.

20. Plaintiff seeks appointment as Class Representative. Plaintiff is a member of the proposed Settlement Class, who allege that she was harmed and suffered damages as a result of the Data Incident. The claims of the proposed Class Representative are based on the same questions of law and fact as the rest of the Settlement Class and are therefore typical of those of Settlement Class members. The proposed Class Representative satisfies the typicality requirement.

21. The proposed Class Representative will fairly and adequately protect the interests of the Settlement Class in enforcing their rights in the Action. As members of the Settlement Class, Plaintiff has no apparent conflicts with the rest of the Settlement Class, and her interest in resolving the matter is the same as that of the Settlement Class. Plaintiff understands that she is pursuing this case on behalf of all Settlement Class Members. Further she has actively participated in the litigation by conferring with Class Counsel and reviewing the Complaint. The Settlement provides that the Parties have agreed that the Plaintiff shall submit her request for an

Incentive Award in her capacity as a Class Representative to the Court and that the Court shall determine the ultimate amount of any Incentive Award. This added incentive, however, would not prevent Plaintiff from representing the Settlement Class.

22.   Plaintiff's counsel, Jonathan Shub of Shub Law Firm LLC; Scott Cooper of Schmidt Kramer, P.C.; James Haggerty of Haggerty, Goldberg, Schleifer & Kupersmith, P.C.; John Goodrich and Lauren Nichols of Jack Goodrich & Associates, PC; and Philip DiLucente and Kenneth Nolan of Phil DiLucente & Associates, LLC, seek appointment as Class Counsel to act on behalf of the Class and the Class Representative with respect to the Settlement. Proposed Class Counsel have represented that they have significant class action, litigation, and trial experience, including experience in data breach litigation. The Court is satisfied that they will adequately represent the Settlement Class. Thus, the Court will appoint Mr. Shub, Mr. Cooper, Mr. Haggerty, Mr. Goodrich, Ms. Nichols, Mr. DiLucente, and Mr. Nolan to serve as Class Counsel and to enter into the Settlement on behalf of the Class Representatives and the Class, and to bind them all to the duties and obligations contained therein, subject to final approval by the Court of the Settlement.

23.   The Court preliminarily finds that the Settlement Class satisfied the requirements of Federal Rule of Civil Procedure 23(b)(3), as follows:

24. Questions of law or fact common to the Settlement Class predominate over individual questions. First, although Settlement Class Members have an interest in controlling their own claims, they also have an interest in the efficient resolution of their claims, which the class action and proposed Settlement provide. Individually litigating each Settlement Class Member's claims would be expensive and time consuming. Second, there is no indication that any of the Settlement Class Members are pursuing other litigation related to the claims at issue in this case. Third, consolidating the common issues into one case and resolving them is efficient. Fourth, the case presents no management difficulties because the Parties have settled.

25. Class action litigation is superior to other available methods for the fair and efficient adjudication of this controversy. Consolidating the Settlement Class Members' claims into a class action will achieve economic of time, effort, and expense, and will promote uniformity of decision without sacrificing procedural fairness or bringing about other undesirable results. Therefore, a class action is the best way to proceed in this case.

**ATTORNEYS' FEES AND COSTS**

26. Insight Global, LLC has agreed to pay Class Counsel an aggregate amount of $300,000 for fees and costs. This amount is in addition to any benefits provided to the Settlement Class members.

27. Plaintiff shall file a motion requesting attorneys' fees, costs, and an incentive award to the Class Representative prior to final approval of the Settlement in accordance with a scheduled issued by the Court. The Court will defer determination of this issue until that motion is presented and heard.

## NOTICE AND ADMINISTRATION

28. Plaintiff moves the Court to approve a proposed notice plan, forms of notice, and to appoint Epiq as Claims Administrator.

29. The Court hereby appoints Epiq to serve as the Claims Administrator and to fulfill the duties of the Claims Administrator as set forth in the Settlement, including distributing the class notice to all Settlement Class Members in accordance with the Settlement's notice plan, reviewing and filing responses from Settlement Class Members, and processing Claims and distributing Settlement benefits.

30. The Court finds that the proposed method and forms of notice (substantially in the form of Exhibits A-C, as attached to the Settlement papers filed herewith), satisfy the requirements of due process and Federal Rule of Civil Procedure 23 and provide the best notice practicable under the circumstances. The notices are reasonably calculated to apprise Settlement Class members in plain language of the nature of this litigation and the underlying dispute, the scope of the Settlement Class, the terms and benefits of the Settlement, the right of Settlement Class Members to object to the Settlement or exclude themselves from the

Settlement Class as well as the process for doing so, and the Final Fairness Hearing. The notices also warn Settlement Class members that, if they fail to opt-out of the Settlement, they will give up their rights to bring their own claims against Insight Global, LLC and the Released Parties related to the Data Incident.

31. The Court approves the proposed notices and notice plan, including the creation of a Settlement Website and maintenance of a toll-free number, and directs the Parties and the Claims Administrator to proceed with providing notice to Settlement Class members pursuant to the terms of the Settlement and this Order.

32. Under the terms of the Settlement, the Claims Administrator shall commence disseminating the notices no more than thirty (30) days after entry of the instant Preliminary Approval Order, and shall complete dissemination of the notices no later than sixty (60) days after entry of the Preliminary Approval Order.

**EXCLUSIONS AND OBJECTIONS**

33. In order to be validly excluded from the Settlement, a Settlement Class member must compose a letter stating that he or she wants to be excluded from (opt-out of) the instant Settlement Class, completed by a clear manifestation of a Person's intent to be excluded from the Class, and send such notice to the Claims Administrator by the date set by the Court and as outlined in the class notice. If the opt-out is untimely or otherwise fails to comply with any of the provisions for a valid opt-out, it shall not be considered a valid opt-out.

34. All Settlement Class members who do not opt-out and exclude themselves shall be bound by the terms of the Settlement, including the Release as outlined in the Settlement, upon entry of the Final Judgment.

35. Settlement Class Members who wish to comment on or object to the Settlement may do so by submitting a written objection as specific in the class notice.

36. To be valid, an objection must state: (a) the objector's full name, address, telephone number, and e-mail address (if any); (b) information identifying the objector as a Settlement Class Member, including proof that the objector is a member of the Settlement Class (c) a written statement of all grounds for the objection, accompanied by any legal support the objector believes applicable; (d) the identity of all counsel representing the objector; (e) a statement whether the objector and/or his or her counsel will appear at the Final Fairness Hearing; and (f) the objector's signature or the signature of the objector's duly authorized lawyer or other duly authorized representative (along with documentation setting forth such representation).

37. To be considered timely, any valid objection in the appropriate form must be filed with the Clerk of the United States District Court for the Middle District of Pennsylvania no later than sixty (60) days from the date on which the Notice Program commences, and serve it concurrently therewith upon Proposed

Class Counsel and counsel for Insight Global, LLC via the Court's electronic filing system.

38. Any Settlement Class Member who fails to comply with the requirements for objecting in accordance with the procedures outlined herein and within the class notice shall waive and forfeit any and all rights he or she may have to appear separately and/or object to the Settlement Agreement and shall be bound by all the terms of the Settlement Agreement and by all proceedings, orders, and judgments in the Litigation.

39. The Court will hold a Final Fairness Hearing on **April 5, 2023, at 10:00 a.m.** in Courtroom #2, United States District Court for the Middle District of Pennsylvania, 228 Walnut Street, Harrisburg, PA 17101. The Court may require or allow the parties and any objectors to appear at the Final Fairness Hearing by telephone or videoconference.

40. At the Final Fairness Hearing, the Court will consider whether (a) the Settlement is fair, reasonable, and adequate, (b) the Settlement Class should finally be certified; (c) a final judgment should be entered; and (d) Class Counsel's motion for attorneys' fees, costs, and incentive awards for the Class Representative should be granted.

## DEADLINES, INJUNCTIONS AND TERMINATION

41. All proceedings, deadlines, and discovery in this matter, except those necessary to implement this Order and Settlement, are hereby stayed and suspended until further order of the Court.

42. In the event that the Settlement is terminated pursuant to the terms of the Settlement, (a) the Settlement and this Order shall become void, shall have no further force or effect, and shall not be used in any action or any other proceedings for any purpose other than as may be necessary to enforce the terms of the Settlement that survive termination; (b) this matter will revert to the status that exists before execution of the Settlement; and (c) no term or draft of the Settlement or any part of the Parties' settlement discussions, negotiations, or documentation (including any briefs filed in support of preliminary or final approval of the Settlement) shall (i) be admissible into evidence for any purpose in any action or other proceeding other than as may be necessary to enforce the terms of the Settlement that survive termination; (ii) be deemed an admission or concession by any Party regarding the validity of any Released Claim or the propriety of certifying any class against Insight Global; or (iii) be deemed an admission or concession by any Party regarding the truth or falsity of any facts alleged in the Action or the availability or lack of availability of any defense to the Released Claims.

43. The dates of performance contained herein may be extended by order of the Court for good cause shown, without further notice to the Settlement Class.

**SUMMARY OF DEADLINES**

44. The preliminarily approved Settlement shall be administered according to its terms pending the Final Fairness Hearing. Deadlines arising under the Settlement and this Order include, but are not limited to:

| EVENT | DATE |
|---|---|
| Notice Commencement Date | 30 days after the entry of the Preliminary Approval Order |
| Deadline for Class Members to Opt-Out of Settlement | 60 days after Notice Date |
| Deadline for Class Members to Object to Settlement | 60 days after Notice Date |
| Deadline for Plaintiffs to File Motion for Final Approval | 75 days after the Notice Date |
| Deadline for Plaintiff to File Motion for Attorneys' Fees, Costs, and Incentive Awards for Class Representatives | 75 days after the Notice Date |
| Deadline for Class Members to Submit Claim Forms | 90 days after Notice Date |
| Final Approval Hearing | April 5, 2023 at 10:00 a.m. |

**IT IS SO ORDERED.**

Entered this 27th day of October 2022.

                                              */S/ CHRISTOPHER C. CONNER*
                                            CHRISTOPHER C. CONNER
                                            United States District Judge